UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    John E. Maye,                                Case No. 25-20072-PRW
                                                                Chapter 7

                    Debtor.

## DECISION AND ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY

PAUL R. WARREN, U.S.B.J.

      The United States filed a motion seeking relief from the automatic stay, for the purpose of continuing the prosecution of an action to foreclose federal tax liens against real property located at 57 Northview Terrace, Rochester New York. (ECF Nos. 8, 11). The property is valued at $60,000 by the Debtor. (ECF No. 1, Schedule A/B Part 1.1). The federal tax liens amount to over $198,000. In addition, the property is burdened by tax liens held by the City of Rochester, Monroe County, and New York State. It is beyond cavil that the Debtor has no equity in the property.

      In response to the motion, counsel to the Debtor requests that the Court delay ruling on the lift-stay motion so that the Debtor can bring a motion under § 522(f) of the Code. (ECF No. 17). Counsel argues that because the federal tax liens held by the United States were reduced to a judgment, as evidenced by an Abstract of Judgment (ECF No. 8-6), the tax liens are judicial liens subject to avoidance under § 522(f) of the Code. Counsel is very wrong.

      It is well settled in the Second Circuit that federal tax liens do not "merge" into a judgment granted by the district court in an action to enforce those tax liens. "[T]ax assessment

liens, unlike most liens under state law, continue to exist independently of the suit or judgment which has extended their existence. . . . The assessment lien does not merge into the judgment . . . the judgment is merely one way in which the underlying tax liability remains enforceable, and therefore the judgment serves merely as a measuring rod for the life of the lien." *United States v. Hodes*, 355 F.2d 746, 749 (2d Cir. 1966). Further, the Debtor's claim of exemption is subject to, and ineffective against, a properly filed tax lien. 11 U.S.C. § 522(c)(2)(B). The tax liens at issue were properly filed.

Here, there is no genuine dispute of material fact that the Debtor has no equity in the real property. No serious legal argument can be advanced, under Rule 9011(b)(2), to support counsel's claim that the tax liens can be avoided under § 522(f) of the Code. Further, this is a Chapter 7 case, so the real property is not necessary for an effective reorganization. Cause exists to lift the automatic stay under § 362(d)(2) of the Code. Additionally, because the United States lacks adequate protection for its interest in the real property, cause also exists to lift the automatic stay under § 362(d)(1) of the Code.

The motion of the United States to lift the automatic stay for the purpose of continuing its action to foreclose its federal tax liens is **GRANTED**. In the exercise of its discretion, the Court waives the stay of this Order as permitted by Rule 4001(a)(4) FRBP.

**IT IS SO ORDERED.**

DATED: February 27, 2025  _____/s/_____
Rochester, New York          HON. PAUL R. WARREN
                             United States Bankruptcy Judge